Van Voorhis, J.
(dissenting). Appellant has been convicted of violating section 62 of the Zoning Ordinance of the Town of Kingsbury, Washington County, for locating her dwelling in an R-15 district which permits ‘ ‘ one single-family dwelling per lot with such accessory buildings as may be associated with *1001 residential use.” Her offense has been held to be, as stated in the opinion of the County Court, “ that on June 25, 1964, a trailer on wheels was driven onto defendant’s land and thereafter the wheels were either hidden from view or removed when the entire trailer was placed on a foundation.” The information bases the charge exclusively on violation of section 62 of the zoning ordinance permitting one single-family dwelling per lot in that appellant ‘ ‘ wrongfully, unlawfully, wilfully and knowingly plac[ed] a mobile home or trailer on said premises ”.
Subdivision i of section 61 of the ordinance provides that trailers “ either as separate units or as component parts of a building shall be located in trailer parks.” It is conceded that this location is not in a trailer park.
No contention is made against appellant that she violated any setback or area restriction, that there' was any sanitary or building code violation or that her domicile contravenes any of the ordinances of the town applicable to permanent residences except that, instead of being built on the site by carpenters and masons, it was prefabricated elsewhere and brought to its present location on wheels. It is possible, of course, that, if the exigencies of life require in this mobile era, appellant may choose to abandon the permanent foundation on which this home has been mounted and move elsewhere as the changing economics of the day may indicate. She or her family may find better employment in other localities in an age when the average college graduate changes his city every five years of his lifetime. Meanwhile this abode is as permanent as though it were built where it now abides. It is subject to real property taxation as a permanent' home (New York Mobile Homes Assn. v. Steckel, 9 N Y 2d 533). This court said in the case cited that “ The situation presented is no different from that involved in any case where a lessee erects a building or other improvement on the realty of his landlord” (p. 539). In that case the trailer was treated as part of the real estate although on leased land; the present case is even stronger in favor of the appellant inasmuch as here it was placed on a permanent foundation (insofar as anything is permanent in this changing life) upon appellant’s own premises. It is as much a residence as though it were an ordinary house which had been moved (as houses sometimes are) and brought to its resting place on wheels or rollers. If such a structure is subject to taxation *1002 as an ordinary residence, located for an indefinite time where it is situated, there is no constitutional power in the town to prohibit it, if it conforms to other requirements of statute and ordinance, merely for the reason that it was prefabricated and brought there on wheels instead of being constructed on the site. The arbitrariness of the ordinance is shown by section 61 (subd. i), which purports to forbid such a structure except in trailer parks, even though it has been fashioned into a building as a component part.
Since this structure comes within the description of a single-family dwelling under the zoning ordinance, it is entitled to the same regulation as any other single-family dwelling.
The conviction of appellant should, in my view, be reversed and the charge dismissed.
Judgment affirmed.